Christian E. Samay
Joel N. Bock
SNR Denton US LLP
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7100

*Attorneys for Plaintiff*
  *Synchronoss Technologies, Inc.*

Of Counsel:

Shailendra Maheshwari
SNR Denton US LLP
1301 K. Street, NW
Washington, D.C. 20005
(202) 408-6400

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>NEWBAY SOFTWARE, INC. AND NEWBAY SOFTWARE LTD.<br><br>                    Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT FOR PATENT INFRINGEMENT, CERTIFICATION PURSUANT TO LOCAL RULE 11.2 AND DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.      Plaintiff Synchronoss Technologies, Inc.("Plaintiff" or "Synchronoss") is a company incorporated under the laws of Delaware having a business address at 750 Route 202 South, Suite 600, Bridgewater, New Jersey 08807.

2.      Defendant Newbay Software, Ltd. is a corporation registered in Ireland having a business address of The Academy, 42 Pearse, Dublin 3 Ireland. Defendant Newbay Software, Inc. is a corporation incorporated under the laws of

Delaware, having a business address at 1420 Fifth Avenue, Suite 1400, Seattle, Washington, 98101 (collectively "Defendants" or "Newbay").

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and original jurisdiction under 1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the patent infringement claims herein have taken place and are still taking place in this judicial district.

5.      The Court has personal jurisdiction over Newbay because Newbay is engaged in substantial and not isolated activities within this state, including providing, using, offering for sale, and selling its infringing products LifeCache Smart Address Book, LifeCache Organizer, and Digital Vault within this State and judicial district. Due to these infringing activities, Synchronoss has suffered injury in this judicial district. Upon information and belief, Newbay also directly solicits, promotes, and provides its infringing products LifeCache Smart Address Book, LifeCache Organizer, and Digital Vault in this State and judicial district through its active website at www.newbay.com, from which consumers can directly access and download the LifeCache Smart Address Book, LifeCache Organizer, and Digital Vault products.

## SYNCHRONOSS' PATENTS

6.      On December 30, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,671,757 (the "'757 Patent"), entitled "Data Transfer and Synchronization System". A true and correct copy of the '757 Patent is attached hereto as Exhibit A. Plaintiff is the owner of the '757 patent by assignment.

7.      On March 17, 2009, the United States Patent and Trademark Office duly and

legally issued United States Patent No. 7,505,762 (the "'762 Patent"), entitled "Wireless Telephone Data Backup System".  A true and correct copy of the '762 Patent is attached hereto as Exhibit B.  Plaintiff is the owner of the '762 patent by assignment.

8.       On September 8, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,587,446 (the " '446 Patent"), entitled "Acquisition And Synchronization Of Digital Media To A Personal Information Space".  A true and correct copy of the '446 patent is attached hereto as Exhibit C.  Plaintiff is the owner of the '446 patent by assignment.

## COUNT I — INFRINGEMENT OF THE '757 PATENT

9.    Synchronoss restates and incorporates by reference paragraphs 1 through 8 as if fully stated herein.

10.      Defendants have infringed and are still infringing the '757 patent by making, selling, offering for sale, and using the LifeCache Smart Address Book product, and Defendants will continue to do so unless enjoined by this court.

11.      As a direct and proximate result of Defendants' direct infringement of the '757 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT II — INFRINGEMENT OF THE '762 PATENT

12.      Synchronoss restates and incorporates by reference paragraphs 1 through 11 as if more fully stated herein.

13.      Defendants have infringed and are still infringing the '762 patent by making, selling, offering for sale, and using the Digital Vault product, and Defendants will continue to do so unless enjoined by this court.

14.      As a direct and proximate result of Defendants' direct infringement of the '762

patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

## COUNT III — INFRINGEMENT OF THE '446 PATENT

15.     Synchronoss restates and incorporates by reference paragraphs 1 through 14 as if more fully stated herein.

16.     Defendants have infringed and are still infringing the '446 patent by making, selling, offering for sale, and using the LifeCache Organizer product, and Defendants will continue to do so unless enjoined by this court.

17.     As a direct and proximate result of Defendants' direct infringement of the '446 Patent, Synchronoss is suffering damages and irreparable injury for which it has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands:

(a)     judgment that Defendants have infringed each of the asserted patents,

(b)     permanent injunctive relief prohibiting further infringement of the asserted Patents;

(c)     damages for Defendants' infringements;

(d)     prejudgment interest on the damages;

(e)     costs for this lawsuit; and

(f)     any other relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable to the jury.

Dated this 26th day of August, 2011.

      *_s/ Christian E. Samay_*
Christian E. Samay
christian.samay@snrdenton.com
Joel N. Bock
joel.bock@snrdenton.com
SNR Denton US LLP
101 JFK Parkway
Short Hills, NJ 07078-2708
Telephone: (973) 912-7100

Shailendra Maheshwari
shailendra.maheshwari@snrdenton.com
SNR Denton US LLP
1301 K. Street, NW
Washington, D.C. 20005
Telephone: (202) 408-6400

*Attorneys for Plaintiff Synchronoss Technologies, Inc.*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

Dated this 26th day of August, 2011.

> *s/ Christian E. Samay* _
> Christian E. Samay
> christian.samay@snrdenton.com
> Joel N. Bock
> joel.bock@snrdenton.com
> SNR Denton US LLP
> 101 JFK Parkway
> Short Hills, NJ 07078-2708
> Telephone: (973) 912-7100
>
> *Attorneys for Plaintiff*
> *Synchronoss Technologies, Inc.*
>
> Of Counsel:
>
> Shailendra Maheshwari
> shailendra.maheshwari@snrdenton.com
> SNR Denton US LLP
> 1301 K. Street, NW
> Washington, D.C. 20005
> Telephone: (202) 408-6400