Marc D. Haefner
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
*Attorneys for Defendants,*
*NewBay Software Inc. and*
*NewBay Software, Ltd.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-4947 (FLW/LHG) |
| ) | |
| ) | |
| NEWBAY SOFTWARE INC. AND ) | |
| NEWBAY SOFTWARE, LTD., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS NEWBAY SOFTWARE LTD. AND NEWBAY SOFTWARE, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendants NewBay Software Ltd. ("NewBay Ltd.") and NewBay Software, Inc. ("NewBay Inc."), by and through their undersigned counsel, hereby file their Answer, Defenses, and Counterclaims ("Answer") in response to Plaintiff Synchronoss Technologies, Inc.'s ("Synchronoss") Complaint, and state as follows:

### The Parties

1.      NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore deny them.

1

2.      NewBay Ltd. and NewBay Inc. admit the allegations of paragraph 2.

## Jurisdiction and Venue

3.      NewBay Ltd. and NewBay Inc. admit that the allegations in the Complaint purport to state a claim arising under the Patent Laws of the United States, Title 35 of the United States Code.  NewBay Ltd. and NewBay Inc. admit that this Court has subject matter jurisdiction over actions arising under the Patent Laws of the United States pursuant to 28 U.S.C. § 1331 and 1338(a).  NewBay Ltd. and NewBay Inc. deny the remaining allegations of paragraph 3.

4.      Paragraph 4 states a legal conclusion with respect to venue, to which no response is required.  NewBay Ltd. and NewBay Inc. deny that there is no clearly more convenient venue for the allegations in the Complaint.  NewBay Ltd. and NewBay Inc. deny the remaining allegations of paragraph 4.

5.      NewBay Ltd. and NewBay Inc. admit only that this Court has personal jurisdiction over NewBay Inc. as NewBay Inc. does conduct business within the State of New Jersey.  However, NewBay Ltd. and NewBay Inc. deny that either defendant has made, provided, used, offered for sale, or sold any products that infringe any valid claim of any of the Patents-in-Suit in the State of New Jersey or anywhere within the United States, including through www.newbay.com.  NewBay Ltd. and NewBay Inc. also deny that they have committed acts within New Jersey and this judicial district or elsewhere that give rise to any action, including patent infringement.  NewBay Ltd. and NewBay Inc. deny all other allegations of paragraph 5.

2

2616460-01

**Synchronoss's Patents**

6.      NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 6,671,757 ("the '757 Patent") bears the title "Data Transfer and Synchronization System," and that it recites an issue date of December 30, 2003.  NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '757 Patent was attached to the Synchronoss's Complaint (Dkt. No. 1) ("Complaint") as Exhibit A.  NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore deny them.

7.      NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 7,505,762 ("the '762 Patent") bears the title "Wireless Telephone Data Backup System," and that it recites an issue date of March 17, 2009.  NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '762 Patent was attached to the Complaint as Exhibit B.  NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore deny them.

8.      NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 7,587,446 ("the '446 Patent") bears the title "Acquisition and Synchronization of Digital Media to a Personal Information Space," and that it recites an issue date of September 8, 2009.  NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '446 Patent was attached to the Complaint as Exhibit C.  NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore deny them.

## Count I – Alleged Infringement of the '757 Patent

9.    NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference the averments in paragraphs 1-8 of this Answer.

10.    NewBay Ltd. and NewBay Inc. deny the allegations of paragraph 10.

11.    NewBay Ltd. and NewBay Inc. deny the allegations of paragraph 11.

## Count II – Alleged Infringement of the '762 Patent

12.    NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference the averments in paragraphs 1-11 of this Answer.

13.    NewBay Ltd. and NewBay Inc. deny the allegations of paragraph 13.

14.    NewBay Ltd. and NewBay Inc. deny the allegations of paragraph 14.

## Count III – Alleged Infringement of the '446 Patent

15.    NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference the averments in paragraphs 1-14 of this Answer.

16.    NewBay Ltd. and NewBay Inc. deny the allegations of paragraph 16.

17.    NewBay Ltd. and NewBay Inc. deny the allegations of paragraph 17.

## Prayer For Relief

18.    NewBay Ltd. and NewBay Inc. deny that Synchronoss is entitled to the requested relief identified in items (a) – (f) of its Prayer for Relief or any other relief.

## Jury Demand

NewBay Ltd. and NewBay Inc. hereby demand a jury trial on all issues triable to the jury.

4

## NEWBAY LTD. AND NEWBAY INC.'S AFFIRMATIVE DEFENSES

NewBay Ltd. and NewBay Inc. hereby assert the following affirmative defenses without undertaking or shifting any applicable burdens of proof.  NewBay Ltd. and NewBay Inc. reserve the right to assert additional defenses, such as inequitable conduct, as warranted by facts learned through investigation and discovery.

### First Defense – Failure to State a Claim

19.     Synchronoss's Complaint fails to state a claim on which relief can be granted.

### Second Defense – Non-Infringement

20.     NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '757 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

21.     NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '762 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

22.     NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '446 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

### Third Defense – Invalidity

23.     The claims of the '757 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

5

24.     The claims of the '762 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

25.     The claims of the '446 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

## Fourth Defense – Prosecution History Estoppel

26.     By reason of the proceedings in the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that resulted in the issuance of the '757, '762, and '446 Patents (collectively the "Patents-in-Suit"), as shown by the prosecution histories thereof, Synchronoss is estopped from maintaining that any claim of any of the Patents-in-Suit covers any of NewBay Ltd. or NewBay Inc.'s articles, equipment, products, services, or any other activity engaged in by NewBay Ltd. or NewBay Inc.

## Fifth Defense – Laches

27.     Synchronoss's claims are barred by laches because of Synchronoss's unreasonable delay in asserting the Patents-in-Suit.

## Sixth Defense – Limitations on Damages

28.     Synchronoss's claim for damages, if any, is barred, at least in part, pursuant to 35 U.S.C. § 286 and/or § 287.

6

2616460-01

## <u>NEWBAY LTD. AND NEWBAY INC.'S COUNTERCLAIMS</u>

Counter-Plaintiffs NewBay Software Ltd. ("NewBay Ltd.") and NewBay Software, Inc. ("NewBay Inc.") hereby assert the following counterclaims against Counter-Defendant Synchronoss Technologies, Inc. ("Synchronoss").  NewBay Ltd. and NewBay Inc. reserve the right to assert additional counterclaims, such as unenforceability due to inequitable conduct, as warranted by facts learned through investigation and discovery.

### <u>Parties</u>

1.      Counter-Plaintiff NewBay Software Ltd. is a corporation registered in Ireland having a business address of The Academy, 42 Pearse, Dublin 3 Ireland.  Counter-Plaintiff NewBay Software, Inc. is a corporation organized under the laws of the State of Delaware, having a business address at 1420 Fifth Avenue, Suite 1400, Seattle, Washington 98101.

2.      According to Synchronoss' Cojmplaint against Defendants, Counter-Defendant Synchronoss Technologies, Inc. is a company incorporated under the laws of Delaware having a business address at 750 Route 202 South, Suite 600, Bridgewater, New Jersey 08807.

### <u>Jurisdiction and Venue</u>

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202 and the patent laws of the United States, 35 U.S.C. §§100 *et seq.*  Venue is proper for these counterclaims because Synchronoss elected this forum for suit and pursuant to 28 U.S.C. §§ 1391 and 1400(b).  By filing the Complaint in this action, Synchronoss has subjected itself to the jurisdiction and venue of this Court for purposes of these counterclaims against it.

7

## Count I – Declaratory Judgment of Non-Infringement of the Patents-in-Suit

4.     Synchronoss has filed a Complaint in this Court alleging that NewBay Ltd. and NewBay Inc. have infringed and continue to infringe the Patents-in-Suit.  Thus, an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Synchronoss on the one hand and NewBay Ltd. and NewBay Inc. on the other hand with respect to infringement and validity of the Patents-in-Suit.

5.      NewBay Ltd. and NewBay Inc. have not infringed and do not infringe any valid claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

6.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, NewBay Ltd. and NewBay Inc. request a declaration from the Court that NewBay Ltd. and NewBay Inc. have not  infringed and do not infringe any valid claim of any of the Patents-in-Suit either literally or under the doctrine of equivalents.

## Count II – Declaratory Judgment of Invalidity of the Patents-In-Suit

7.      By virtue of Synchronoss's Complaint against Defendants, an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2201 exists between Synchronoss on the one hand and NewBay Ltd. and NewBay Inc. on the other hand with respect to infringement and validity of the Patents-in-Suit.  The Patents-in-Suit and each of their claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, NewBay Ltd. and NewBay Inc. request a declaration from the Court that each of the Patents-in-Suit, and each of their claims, are invalid.

WHEREFORE, Counter-Plaintiffs NewBay Ltd. and NewBay Inc. respectfully request that this Court enter judgment in their favor and against Counter-Defendant Synchronoss, and grant the following relief:

A.     that Synchronoss be denied all relief it has requested as set forth in its Complaint and that the Complaint be dismissed with prejudice;

B.     that the Court find this case to be an exceptional case and that NewBay Ltd. and NewBay Inc. be awarded their costs and recoverable attorneys' fees incurred in having to defend this action pursuant to 35 U.S.C. §285 and as otherwise allowed;

C.     that the Court determine and declare that NewBay Ltd. and NewBay Inc. have not infringed and do not infringe any valid claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents;

D.     that the Court determine and declare that each of the claims of each of the Patents-in-Suit is invalid; and

E.     that the Court grant NewBay Ltd. and NewBay Inc. all other and further relief as the Court may deem appropriate and just under the circumstances.

Dated:   November 28, 2011          By:  */s/ Marc D. Haefner*

                                         Marc D. Haefner
                                         CONNELL FOLEY LLP
                                         85 Livingston Avenue
                                         Roseland, NJ  07068
                                         (973) 533-4274
                                         Email: mhaefner@connellfoley.com

9

OF COUNSEL
Thomas M. Dunham
NOVAK DRUCE + QUIGG LLP
300 New Jersey Avenue
Fifth Floor
Washington, DC  20001
Telephone:  (202) 659-0100
Fax:  (202) 659-0105
E-Mail: thomas.dunham@novakdruce.com

J. Michael Woods
NOVAK DRUCE + QUIGG LLP
525 Okeechobee Boulevard
Fifteenth Floor
West Palm Beach, FL  33401
Telephone:   (561) 847-7800
Facsimile:   (561) 847-7801
Email: michael.woods@novakdruce.com

Attorneys for Defendants,
NewBay Software Ltd. and NewBay Software, Inc.

10

## L. Civ. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I certify that to the knowledge of the undersigned, no other action is pending nor is any contemplated in any Court or Arbitration proceeding with respect to the attached pleading.

Dated:   November 28, 2011                    */s/ Marc D. Haefner*
                                               Marc D. Haefner

## L. Civ. R. 201.1 CERTIFICATION

Pursuant to L. Civ. R. 201.1, the undersigned counsel certifies that this matter is not subject to compulsory arbitration because injunctive relief is sought.

Dated:   November 28, 2011                    */s/ Marc D. Haefner*
                                               Marc D. Haefner

11

2616460-01