Marc D. Haefner
Jennifer C. Critchley
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey  07068
(973) 535-0500

Michael A. Parks (*pro hac vice*)
Kal K. Shah (*pro hac vice*)
THOMPSON COBURN LLP
55 East Monroe Street
Chicago, IL  60603
(312) 346-7500

*Attorneys for Defendants/
Counterclaim-Plaintiffs
NewBay Software Ltd. and
NewBay Software Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., ) ) Plaintiff, ) ) v. ) ) ) NEWBAY SOFTWARE INC. and ) NEWBAY SOFTWARE LTD., ) ) Defendants. ) ) | Civil Action No. 11-4947 (FLW/LHG) |

### NEWBAY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
### TO SYNCHRONOSS' FIRST AMENDED COMPLAINT

Defendants NewBay Software Ltd. ("NewBay Ltd.") and NewBay Software Inc. ("NewBay Inc."), by and through their undersigned counsel, hereby file their Answer, Affirmative Defenses and Counterclaims to Plaintiff Synchronoss Technologies, Inc.'s First Amended Complaint, and state as follows:

## The Parties

1.  NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Synchronoss' First Amended Complaint.

2.  NewBay Ltd. and NewBay Inc. admit the allegations in Paragraph 2 of Synchronoss' First Amended Complaint.

## Jurisdiction and Venue

3.  NewBay Ltd. and NewBay Inc. admit Synchronoss' First Amended Complaint purports to state a claim arising under the Patent Laws of the United States, Title 35 of the United States Code.  NewBay Ltd. and NewBay Inc. admit that this Court has subject matter jurisdiction over actions arising under the Patent Laws of the United States pursuant to 28 U.S.C. § 1331 and 1338(a).  NewBay Ltd. and NewBay Inc. deny the remaining allegations of Paragraph 3 of Synchronoss' First Amended Complaint.

4.  Paragraph 4 of Synchronoss' First Amended Complaint states a legal conclusion with respect to venue, to which no response is required.  NewBay Ltd. and NewBay Inc. deny that there is no more convenient venue for this action.  NewBay Ltd. and NewBay Inc. deny the remaining allegations of Paragraph 4 of Synchronoss' First Amended Complaint.

5.  NewBay Ltd. and NewBay Inc. admit only that this Court has personal jurisdiction over NewBay Inc. as NewBay Inc. does conduct business within the State of New Jersey.  However, NewBay Ltd. and NewBay Inc. deny that either defendant has made, provided, used, offered for sale or sold, any products that infringe any valid claim of any of the patents-in-suit in the State of New Jersey or anywhere within the United States, including through www.newbay.com.  NewBay Ltd. and NewBay Inc. also deny that they have committed acts

within New Jersey and this judicial district or elsewhere that give rise to any action, including patent infringement. NewBay Ltd. and NewBay Inc. deny all other allegations of Paragraph 5 of Synchronoss' First Amended Complaint.

### Synchronoss' Patents

6. NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 6,671,757 ("the '757 Patent") bears the title "Data Transfer and Synchronization System," and that it recites an issue date of December 30, 2003. NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '757 Patent was attached as Exhibit A to Synchronoss' First Amended Complaint. NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of Synchronoss' First Amended Complaint.

7. NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 7,505,762 ("the '762 Patent") bears the title "Wireless Telephone Data Backup System," and that it recites an issue date of March 17, 2009. NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '762 Patent was attached as Exhibit B to Synchronoss' First Amended Complaint. NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of Synchronoss' First Amended Complaint.

8. NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 7,587,446 ("the '446 Patent") bears the title "Acquisition and Synchronization of Digital Media to a Personal Information Space," and that it recites an issue date of September 8, 2009. NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '446 Patent was attached as Exhibit C to Synchronoss' First Amended Complaint. NewBay Ltd. and NewBay Inc. lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of Synchronoss' First Amended Complaint.

9. NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 6,757,696 ("the '696 Patent") bears the title "Management Server For Synchronization System," and that it recites an issue date of June 29, 2004. NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '696 Patent was attached as Exhibit D to Synchronoss' First Amended Complaint, but NewBay Ltd. and NewBay Inc. deny that the United States Patent and Trademark Office allowed the claims printed in the '696 Patent (including its certificate of correction). NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of Synchronoss' First Amended Complaint.

10. NewBay Ltd. and NewBay Inc. admit that on its face, U.S. Patent No. 7,643,824 ("the '824 Patent") bears the title "Wireless Telephone Backup System," and that it recites an issue date of January 5, 2010. NewBay Ltd. and NewBay Inc. admit that what appears to be a copy of the '824 Patent was attached as Exhibit E to Synchronoss' First Amended Complaint. NewBay Ltd. and NewBay Inc. lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of Synchronoss' First Amended Complaint.

### Count I - Alleged Infringement of the '757 Patent

11, [9].[1] NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference their responses to Paragraphs 1-10 of Synchronoss' First Amended Complaint.

---

[1] Beginning with paragraph 11 of its First Amended Complaint, Synchronoss has numbered its paragraphs incorrectly. Throughout the remainder of this Answer and Affirmative Defenses, NewBay Ltd. and NewBay Inc. have stated the correct paragraph numbers and also included Synchronoss' incorrect paragraph numbers in brackets for an easier cross-reference to Synchronoss' First Amended Complaint.

12, [10].  Denied.

13, [11].  Denied.

## Count II - Alleged Infringement of the '762 Patent

14, [12].  NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference their responses to Paragraphs 1-13 of Synchronoss' First Amended Complaint.

15, [13].  Denied.

16, [14].  Denied.

## Count III - Alleged Infringement of the '446 Patent

17, [15].  NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference their responses to Paragraphs 1-16 of Synchronoss' First Amended Complaint.

18, [16].  Denied.

19, [17].  Denied.

## Count IV - Alleged Infringement of the '696 Patent

20, [18].  NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference their responses to Paragraphs 1-19 of Synchronoss' First Amended Complaint.

21, [19].  Denied.

22, [20].  Denied.

## Count V - Alleged Infringement of the '824 Patent

23, [21].  NewBay Ltd. and NewBay Inc. repeat and incorporate herein by reference their responses to Paragraphs 1-22 of Synchronoss' First Amended Complaint.

24, [22].  Denied.

25, [23].  Denied.

**Prayer For Relief**

26. NewBay Ltd. and NewBay Inc. deny that Synchronoss is entitled to the requested relief identified in items (a)-(f) of its Prayer for Relief or any other relief.

**NEWBAY LTD.'S AND NEWBAY INC.'S AFFIRMATIVE DEFENSES**

NewBay Ltd. and NewBay Inc. hereby assert the following affirmative defenses without undertaking or shifting any applicable burdens of proof. NewBay Ltd. and NewBay Inc. reserve their right to assert additional defenses, such as inequitable conduct, as warranted by facts learned through investigation and discovery.

**First Defense - Failure to State a Claim**

27. Synchronoss' First Amended Complaint fails to state a claim on which relief can be granted.

**Second Defense - Non-Infringement**

28. NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '757 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

29. NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '762 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

30. NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '446 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

31. NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '696 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

32. NewBay Ltd. and NewBay Inc. do not infringe and have not infringed any valid claim of the '824 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

**Third Defense - Invalidity**

33. The claims of the '757 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

34. The claims of the '762 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

35. The claims of the '446 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

36. The claims of the '696 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations. The claims of the '696 Patent also are invalid for the reasons stated in Paragraphs 37-39 below.

37. The United States Patent and Trademark Office did not allow the claims printed in the '696 Patent (including its certificate of correction).

38. Necessary language is omitted from the claims printed in the '696 Patent (including its certificate of correction).

39. The language omitted from the claims printed in the '696 Patent (including its certificate of correction) was required for patentability of those claims.

40. The claims of the '824 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the applicable provisions of Title 37 of the Code of Federal Regulations.

### Fourth Defense - Prosecution History Estoppel

41. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the issuance of the '757, '762, '446, '696 and '824 Patents (collectively the "patents-in-suit"), as shown by the prosecution histories thereof, Synchronoss is estopped from maintaining that any claim of any of the patents-in-suit covers any of NewBay Ltd.'s or NewBay Inc.'s articles, equipment, products, services, or any other activity engaged in by NewBay Ltd. or NewBay Inc.

### Fifth Defense – Laches

42. Synchronoss' claims are barred by laches because of Synchronoss' unreasonable delay in asserting the patents-in-suit.

### Sixth Defense - Limitations on Damages

43. Synchronoss' claim for damages, if any, is barred, at least in part, pursuant to 35 U.S.C. § 286 and/or § 287.

### NEWBAY LTD.'S AND NEWBAY INC.'S COUNTERCLAIMS

Counter-Plaintiffs NewBay Software Ltd. ("NewBay Ltd.") and NewBay Software Inc. ("NewBay Inc.") hereby assert the following counterclaims against Counter-Defendant

Synchronoss Technologies, Inc.  NewBay Ltd. and NewBay Inc. reserve the right to assert additional counterclaims, such as unenforceability due to inequitable conduct, as warranted by facts learned through investigation and discovery.

## Parties

1.	NewBay Ltd. is a corporation registered in Ireland having a business address at The Academy, 42 Pearse Street, Dublin 2, Ireland.  NewBay Inc. is a corporation organized under the laws of the State of Delaware, having a business address at 1420 Fifth Avenue, Suite 1400, Seattle, Washington 98101.

2.	According to Synchronoss' First Amended Complaint against NewBay Ltd. and NewBay Inc., Synchronoss is a company incorporated under the laws of Delaware having a business address at 750 Route 202 South, Suite 600, Bridgewater, New Jersey 08807.

## Jurisdiction and Venue

3.	This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202 and the patent laws of the United States, 35 U.S.C. §§100 *et seq.*  Venue is proper for these counterclaims because Synchronoss elected this forum for suit and pursuant to 28 U.S.C. §§ 1391 and 1400(b).  By filing its First Amended Complaint in this action, Synchronoss has subjected itself to the jurisdiction and venue of this Court for purposes of these counterclaims against it.

## Count I - Declaratory Judgment of Non-Infringement of the Patents-in-Suit

4.	Synchronoss has filed a First Amended Complaint in this Court alleging that NewBay Ltd. and NewBay Inc. have infringed and continue to infringe U.S. Patent No. 6,671,757 ("the '757 Patent"), U.S. Patent No. 7,505,762 ("the '762 Patent"), U.S. Patent No. 7,587,446 ("the '446 Patent"), U.S. Patent No. 6,757,696 ("the '696 Patent"), and U.S.

9

Patent No. 7,643,824 ("the '824 Patent") (collectively the "patents-in-suit").  Thus, an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Synchronoss on the one hand, and NewBay Ltd. and NewBay Inc. on the other hand with respect to infringement and validity of the patents-in-suit.

5. NewBay Ltd. and NewBay Inc. have not infringed and do not infringe any valid claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, NewBay Ltd. and NewBay Inc. request a declaration from the Court that NewBay Ltd. and NewBay Inc. have not infringed and do not infringe any valid claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

### Count II - Declaratory Judgment of Invalidity of the Patents-In-Suit

7. By virtue of Synchronoss' First Amended Complaint against NewBay Ltd. and NewBay Inc., an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Synchronoss on the one hand and NewBay Ltd. and NewBay Inc. on the other hand with respect to infringement and validity of the patents-in-suit.

8. The patents-in-suit and each of their claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.  The claims of the '696 Patent also are invalid for the reasons stated in Paragraphs 9-17 below.

9. A true and correct copy of the prosecution history of the '696 Patent is attached hereto as Exhibit A.

10. The United States Patent and Trademark Office did not allow what is printed as claim 1 in the '696 Patent (including its certificate of correction).

11. As printed in the '696 Patent (including its certificate of correction), necessary language is omitted from claim 1.

12. The language omitted from claim 1 as printed in the '696 Patent (including its certificate of correction) was required for patentability of claim 1.

13. Because necessary language is omitted from claim 1 as printed in the '696 Patent (including its certificate of correction), claim 1 of the '696 Patent is indefinite and invalid.

14. No claim printed in the '696 Patent (including its certificate of correction) was allowed by the United States Patent and Trademark Office.

15. As printed in the '696 Patent (including its certificate of correction), necessary language is omitted from each claim of the '696 Patent.

16. The language omitted from the claims as printed in the '696 Patent (including its certificate of correction) was required for patentability of those claims.

17. Because necessary language is omitted from each claim printed in the '696 Patent (including its certificate of correction), each claim of the '696 Patent is indefinite and invalid.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, NewBay Ltd. and NewBay Inc. request a declaration from the Court that each of the patents-in-suit, and each of their claims, are invalid.

WHEREFORE, NewBay Ltd. and NewBay Inc. respectfully request that this Court enter judgment in their favor and against Synchronoss, and grant the following relief:

A. that Synchronoss be denied all relief it has requested as set forth in its First Amended Complaint and that the First Amended Complaint be dismissed with prejudice;

B.	that the Court find this case to be an exceptional case and that NewBay Ltd. and NewBay Inc. be awarded their costs and attorneys' fees incurred in having to defend this action pursuant to 35 U.S.C. §285 and as otherwise allowed;

C.	that the Court determine and declare that NewBay Ltd. and NewBay Inc. have not infringed and do not infringe any valid claim of any of the patents-in-suit, either literally or under the doctrine of equivalents;

D.	that the Court determine and declare that each of the claims of each of the patents-in-suit is invalid; and

E.	that the Court grants NewBay Ltd. and NewBay Inc. all other and further relief as the Court may deem appropriate and just under the circumstances.

## Jury Demand

NewBay Ltd. and NewBay Inc. hereby demand a jury trial on all issues triable to a jury.

Dated:   May 14, 2012

*/s/ Marc D. Haefner*
Marc D. Haefner
Jennifer C. Critchley
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey  07068
(973) 535-0500

Michael A. Parks (*pro hac vice*)
Kal K. Shah (*pro hac vice*)
THOMPSON COBURN LLP
55 East Monroe Street
Chicago, IL  60603
(312) 346-7500

*Attorneys for Defendants/
Counterclaim-Plaintiffs
NewBay Software Ltd. and
NewBay Software Inc.*

## L. Civ. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I certify that to the knowledge of the undersigned, no other action is pending nor is any contemplated in any Court or Arbitration proceeding with respect to the attached pleading.

Dated:   May 14, 2012   */s/ Marc D. Haefner*
Marc D. Haefner